**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 10-50235, 10-50308 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01385-GW-1 |
| v. | |
| NOSA DANIEL AGHEDO, AKA Richard Obasuyi, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 10, 2012[**]
Pasadena, California

Before: D.W. NELSON, FISHER, and CHRISTEN, Circuit Judges.

Nosa Daniel Aghedo appeals his 57-month sentence and order of restitution

in the amount of $1,231,250.91 following his conviction for conspiracy to commit

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concluded this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

bank fraud in violation of 18 U.S.C. § 1349 and possession of five or more false identification documents in violation of 18 U.S.C. § 1028(a)(3). We have jurisdiction under 28 U.S.C. § 1291. We affirm the 57-month sentence that Aghedo received after pleading guilty to these offenses, but vacate and remand the order of restitution.

As part of his plea agreement, Aghedo waived his right to appeal the sentence imposed as long as the term of imprisonment was not greater than 120 months. Aghedo's appeal of the 57-month sentence is barred by this valid waiver. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011).

The parties stipulated that Aghedo's waiver of his right to appeal the restitution order was invalid because the plea agreement did not specify, or cap, the amount of restitution. *See United States v. Gordon*, 393 F.3d 1044, 1050 (9th Cir. 2004). At his sentencing hearing, Aghedo challenged the government's evidence regarding the loss calculations supporting the restitution amount. The evidence of the loss caused by the conspiracy consisted of unsupported statements in the probation department's Pre-Sentence Investigation Report ("PSR") listing the amount of "actual loss" suffered by several financial institutions. The PSR referred to, but did not include as an attachment, a chart prepared by an investigator that may have provided additional support for the loss calculation.

When a defendant objects to a PSR, the district court "may not simply rely on the factual statements in the PSR." *United States v. Ameline*, 409 F.3d 1073, 1086 (9th Cir. 2005) (en banc). Supplemental affidavits provided by the government only justified some amount greater than $264,700 and did not constitute a showing "that it is more likely than not that the defendant's offense proximately caused the losses for which restitution was awarded and that it did so in the amounts awarded." *United States v. Tsosie*, 639 F.3d 1213, 1222 (9th Cir. 2011). We therefore vacate the order of restitution and remand to allow the district court to reassess the amount of restitution.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.